IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 23-10862-J

_____

In re: ARTHUR CARTEE,

                                                                                                    Petitioner.

_____

On Petition for a Writ of Mandamus to the United States
District Court for the Southern District of Florida

_____

BEFORE: JILL PRYOR and GRANT, Circuit Judges.

BY THE COURT:

Before the Court is a petition for a writ of mandamus filed by Petitioner Arthur Cartee. The petitioner seeks a writ of mandamus directing the district court to enter dismissal and judgment on his case.

A writ of mandamus is "a drastic and extraordinary remedy reserved for really extraordinary causes amounting to a judicial usurpation of power or a clear abuse of discretion." *In re Wellcare Health Plans, Inc.*, 754 F.3d 1234, 1238 (11th Cir. 2014) (quotation marks omitted). A writ of mandamus is available "only . . . when no other adequate means [of remedy] are available." *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1004 (11th Cir. 1997) (quotation marks omitted). This "condition [is] designed to ensure that the writ will not be used as a substitute for the regular appeals process." *Rohe v. Wells Fargo Bank, N.A.*, 988 F.3d 1256, 1267 (11th Cir. 2021) (citing *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004)). The petitioner has the burden

of showing that the petitioner has no other avenue of relief and that the right to relief is clear and indisputable. *Mallard v. United States District Court*, 490 U.S. 296, 309 (1989).

Although the petitioner frames his request around the district court's order denying his motion to enter dismissal and judgment on his case, the petitioner seeks a judgment so that he can appeal the district court's rulings with respect to innovator liability under Illinois law. "Mandamus is not to be used as a subterfuge to obtain appellate review that is otherwise foreclosed by law." *In re BellSouth Corp.*, 334 F.3d 941, 951 (11th Cir. 2003). Here, the petitioner has not met his burden to show that he has no other adequate means to attain the relief he desires. The petitioner will have the opportunity to appeal the district court's rulings with respect to innovator liability under Illinois law when there is a final ruling against his operative complaint. *See In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1258 (11th Cir. 2006) ("Were the [petitioners] to await the entry of final judgment in their case, an appeal of that judgment would provide them with an altogether adequate means of relief."). That the petitioner may have to endure additional time and cost does not justify a writ of mandamus.[1] Because the petitioner has this other adequate means of relief, mandamus is not an appropriate remedy.

Even if the petitioner had no other adequate means of relief, the petitioner has not met his burden to show that his right to issuance of the writ is clear and indisputable. For example, among the reasons given by the district court for denying the petitioner's motion to enter dismissal and

---

[1] *See, e.g.*, *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953) ("But it is established that the extraordinary writs cannot be used as substitutes for appeals, even though hardship may result from delay and perhaps unnecessary trial."); *In re BellSouth Corp.*, 334 F.3d at 954 ("[t]hat an erroneous ruling may impose additional cost does not . . . satisfy the high standard required for mandamus") (citing *In re Mechem*, 880 F.2d 872, 874 (6th Cir. 1989)); *id.* ("[I]nconvenience, lost time, and sunk costs of such further proceedings . . . are not considered the kind of irremediable harm that will satisfy the stringent requirements for issuing a writ of mandamus.") (citing *Maloney v. Plunkett*, 854 F.2d 152, 154–55 (7th Cir. 1988).

judgment on his case, the district court stated that, rather than address individual cases, it is focused on the expeditious adjudication of cross-cutting issues that simultaneously affect large numbers of cases, which the district court contends is a necessary strategy given that this MDL contains many thousands of consolidated actions. District courts have broad discretion in deciding how best to manage the cases before them. *See, e.g.*, *United States v. McCutcheon*, 86 F.3d 187, 190 (11th Cir. 1996). When a matter is discretionary, moreover, it typically cannot be said that a litigant's right is "clear and indisputable." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35–36 (1980). *See United States v. Denson*, 603 F.2d 1143, 1148 n.2 (5th Cir. 1979) ("[T]he writ will not issue to correct a duty that is to any degree debatable: the trial court must be acting beyond its jurisdiction or in a fashion about which discretion is denied it."). Given the broad discretion afforded to district courts in managing their cases and the limited resources of a single district court judge addressing a large and complex MDL, the Court cannot at this time say that the district court clearly and indisputably abused its discretion in focusing on issues impacting numerous cases in the MDL over individual cases. Because the petitioner has not met his burden to show that his right to issuance of the writ is clear and indisputable, a writ of mandamus is not an appropriate remedy.

Because the petitioner did not meet his burden to show that he has no other adequate means to attain the relief he desires and did not meet his burden to show that his right to issuance of the writ is clear and indisputable, the petition for a writ of mandamus is DENIED. The petitioner's motion for stay pending disposition of his petition for a writ of mandamus is DENIED AS MOOT.